R——— vs. M———.

R——— vs. M———.

*Evidence in Slander.*

In slander for words charging plaintiff with keeping a house of prostitution, evidence of the lewd conduct of his daughter should not be admitted, unless followed by evidence that he approved of her conduct.

APPEAL from the County Court of *Winnebago* County.

Action for slander, in charging the plaintiff with keeping a house of prostitution. Evidence was admitted for the defendant, against objection, tending to show that a daughter of the plaintiff had had sexual intercourse with two different persons, and also evidence of her admissions to the same effect, her use of lewd language to a witness, and her bad reputation for chastity. There was no evidence that the acts were done or words spoken at the plaintiff's house, or that he approved of them. Verdict and judgment for the defendant; and the plaintiff appealed.

*Felker & Weisbrod*, for appellant.

*Burnell & Whittemore*, for respondent, contended that it was competent to prove lewd conduct on the part of the plaintiff's family, in mitigation of damages, citing *Bush v. Prosser*, 11 N. Y., 347; *Bisbey v. Shaw*, 12 id., 67; 16 Wis., 457.

DOWNER, J. None of the testimony about the lewd conduct of the daughter of the appellant should have been received, unless followed by evidence that the father knew and *approved* of such conduct. Were it otherwise, a father could not keep and maintain under the parental roof his erring daughter, even for the purpose of reformation. There was no evidence that he approved of her lewd conduct, and the testimony respecting it was erroneously received.

And for the same reason it was error to receive testimony of the bad reputation of the daughter for chastity. Her admissions, we think also, ought not to have been received.

*By the Court.*—The judgment of the county court is reversed, and a *venire de novo* awarded.